UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAQUILLE HAZELWOOD, ) | |
| ) | 3:14-cv-00332-RCJ-VPC |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| NEVADA, STATE OF, ) | |
| ) | |
| ) | |
| Defendant. ) | September 12, 2014 |
| ) | |

This Report and Recommendation is made to the Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's application to proceed *in forma pauperis* (#6) and several *pro se* documents, all entitled Title 28 U.S.C. 2680 exceptions (#s 1-1, 3, 7) or petition and notice to expunction 44 to end of article 55 (#4).[1] The court has thoroughly reviewed the record and recommends that plaintiff's application to proceed *in forma pauperis* be granted, but that plaintiff's complaint be dismissed with prejudice.

I.  **Plaintiff's Application to Proceed *In Forma Pauperis***

Based on the financial information provided in plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* (#6) be granted.

---

[1] Refers to the court's docket number.

-1-

## II.     Screening Pursuant to 28 U.S.C. § 1915

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an [*in forma pauperis*] action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)).  This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per

curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

Plaintiff Shaquille Hazelwood ("plaintiff"), who lists a Dallas, Texas address on his filings, has submitted several documents, most of which are duplicates or nearly identical (#s 1-1, 2-5, 7). While he claims damages in the sum of five million dollars, he sets forth no discernible allegations whatsoever. He appears to set forth some general legal standards regarding plea bargaining, sentencing, statutes of limitations, good-time credits, and torts; but he does not include any facts. He includes proposed orders that simply state that he is awarded judgment—presumably against the State of Nevada—in the amount sought (*see*, *e.g*., #7, p. 4). He includes a copy of a portion of 28 U.S.C. § 2680 with no explanation. As there are no factual allegations whatsoever, the court concludes that plaintiff's filings are factually frivolous. As amendment of this complaint is clearly futile, it should be dismissed with prejudice and without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).[2]

---

[2] As there are multiple filings in this case, all lacking any factual allegations, whatsoever, the court should dismiss the

## IV. Conclusion

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#6) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly and close this case.

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED**: September 12, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

complaint with prejudice. If plaintiff is able to state some claim for which relief may be granted, he may always initiate a new case under a new case number and with a new application to proceed *in forma pauperis*. In any new action he must file an actual complaint that sets forth specific factual allegations that state some legal claim against specific defendants. *See* Fed. R. Civ. P. 8(a).